**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JACQUELINE WILLARD and AMIE BLACKMAN, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br>    v.<br><br>THE TROPICANA MANUFACTURING COMPANY, INC.,<br><br>          Defendant. | Case No. 1:20-cv-01501<br><br>Honorable Franklin U. Valderrama<br><br>Honorable Magistrate Sheila M. Finnegan |

<u>**DEFENDANT TROPICANA MANUFACTURING COMPANY'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT AND MEMORANDUM IN SUPPORT**</u>

## I.    INTRODUCTION

Plaintiffs' initial complaint challenged ten different Tropicana products, alleging their labeling deceived consumers about the presence of malic acid, which Plaintiffs allege is an artificial flavor.  The Court dismissed virtually all of Plaintiffs' claims because Plaintiffs failed to allege any details of their purchases or even specify which products they purchased, let alone identify any labeling on those products that could deceive a reasonable consumer.  Plaintiffs' First Amended Complaint ("FAC") fares no better.  Despite Plaintiffs' efforts to re-plead their case, the FAC suffers from numerous defects that defeat all of Plaintiffs' claims.

Plaintiffs' revised claims challenge the labeling of a *single* product: Tropicana 100% Juice Apple Juice (the "Product").  But in solving their prior failure to specify which product they purchased and which labels they challenge, Plaintiffs have run headlong into a new problem: Their claims are preempted by specific federal law that not just permits, but affirmatively *requires* Tropicana to use the "100% Juice" statement that Plaintiffs challenge as misleading.  Moreover, Plaintiffs neglect to mention in the FAC express, qualifying language on the front label that signals to consumers that the Product contains other, *non-juice* ingredients.  No reasonable consumer would be deceived into believing the Product contains only natural juice ingredients in light of this front-of-package disclaimer.  Because Plaintiffs have yet again failed to state a viable claim for deceptive labeling, the FAC should be dismissed, this time with prejudice.

## II.    BACKGROUND

On February 28, 2020, Plaintiffs Jacqueline Willard and Amie Blackman filed their initial complaint against Tropicana.  ECF No. 1 ("Compl.").  Plaintiffs asserted claims under Illinois and California law challenging the labeling of ten different Tropicana products: Trop 50 Farmstand Apple, Tropicana 100% Juice Apple Juice, Trop 50 No Pulp, Trop 50 Orange Mango, Trop 50

1

Orange Peach, Trop 50 Pomegranate Blueberry, Trop 50 with Calcium & Vitamin D, Trop 50 with Vitamin C & Zinc, Tropicana Grape Drink, and Tropicana Fruit Medley. *Id.* ¶ 36. Tropicana moved to dismiss on June 29, 2020. ECF No. 23. This Court granted in part Tropicana's motion on December 30, 2021, dismissing most of Plaintiffs' claims. ECF No. 34 ("Mem. Op."). The Court held that Plaintiffs could only challenge the labeling of products they actually purchased, and required them to specify details of their purchases and the labels they challenged in accordance with Federal Rule of Civil Procedure 9(b). It also dismissed several of Plaintiffs' claims as inadequately pled or preempted by federal law. The Court granted Plaintiffs leave to file an amended complaint as to some of their claims. Plaintiffs filed their FAC on January 20, 2022. ECF No. 41.

Unlike Plaintiffs' initial complaint, the FAC challenges the labeling of a single product—Tropicana 100% Juice Apple Juice. Plaintiffs allege that the Product contains malic acid, that malic acid is an artificial flavor, and that the Product's packaging misled them into believing the Product contained only natural ingredients. *See, e.g.*, FAC ¶¶ 13–19. Based on these allegations, Plaintiffs assert claims for (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"); (2) violation of the "unlawful" and "unfair" prongs of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200) ("UCL"); (3) fraud by omission under California law (Cal. Civ. Code §§ 1709-1710); (4) violation of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500) ("FAL"); (5) negligent misrepresentation under California law (Cal. Civ. Code §§ 1709-1710); and (6) violation of the California Consumers Legal Remedies Act (Cal. Civ. Code § 1750) ("CLRA"). *Id.* ¶¶ 95–174.

### III.    LEGAL STANDARD

Congress has expressly preempted state-law claims that would impose food labeling requirements "not identical to" federal requirements.  21 U.S.C. § 343-1(a).  Dismissal with prejudice is appropriate for any claims preempted by federal law.  *See Turek v. General Mills, Inc.*, 662 F.3d 423, 425 (7th Cir. 2011).  For any non-preempted claims to survive a motion to dismiss under Rule 12(b)(6), a complaint is required to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although the Court must accept factual allegations as true, this tenet is "inapplicable to legal conclusions."  *Id*.  After stripping away the "conclusory statements," the Court must rely on its "judicial experience and common sense," *id.* at 678–79, to determine whether the remaining factual allegations "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a), and would justify subjecting the defendant to the costs and burdens of discovery.

### IV.    ARGUMENT

#### A.  Plaintiffs' Claims Are Preempted By Federal Law

The FAC challenges the labeling of a single product: Tropicana 100% Juice Apple Juice.  *See, e.g.*, FAC ¶¶ 9, 17–18, 60–62.  As the Court recognized in its prior opinion, to state an actionable claim of false or misleading labeling, Plaintiffs must identify "challenged statements or other representations [that] are likely to deceive a reasonable consumer."  Mem. Op. 23.  In the FAC, Plaintiffs draw upon the Court's suggestion that "a reasonable consumer could interpret the statement '100% Juice'" on the label of Tropicana 100% Juice Apple Juice "to mean that the Product contains all-natural products, that is, only apple juice."  Mem. Op. 29.  But Plaintiffs cannot hold Tropicana liable for misleading labeling based on the "100% Juice" declaration on the Product because federal law authorizes—and, indeed, expressly *requires*—the Product to carry

3

this "100% Juice" declaration. Plaintiffs' theory, if accepted, would require labeling "not identical to" the labeling required under federal law, and thus is preempted. *Turek*, 662 F.3d at 427.

The Supremacy Clause of the United States Constitution grants Congress the power to preempt state law. *See Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). In 1990, Congress enacted the Nutrition Labeling and Education Act ("NLEA"), which amended the federal Food, Drug, and Cosmetic Act ("FDCA") "to ensure uniform labeling of food products." *Lateef v. Pharmavite LLC*, 12-C-5611, 2012 WL 5269619, at *2 (N.D. Ill. Oct. 24, 2012). As this Court has recognized, "[t]he NLEA includes an express preemption provision that forbids states from imposing food labeling requirements 'not identical' to the federal requirements." Mem. Op. 13 (quoting 21 U.S.C. § 343-1(a)). And "[t]he preclusive effect of the express preemption provision extends 'beyond positive enactments, such as statutes and regulations, to embrace common-law duties.'" *Id.* (quoting *Bates v. Dow Agrosciences LLC*, 554 U.S. 431, 443 (2005)). Claims like those at issue in the FAC thus fall within the purview of the NLEA's express preemption provision where the suit would impose labeling requirements "not identical to" those established by federal law. *Turek*, 662 F.3d at 427.

The FAC seeks to hold Tropicana liable under state law for including a "100% Juice" declaration on the Product, alleging that the Product "is labeled as if it contains only natural ingredients, deceiving consumers into believing they are purchasing a premium, all-natural product instead of one that contains artificial flavoring." FAC ¶ 13. But the Product's "100% Juice" declaration is required by federal law. FDA regulations require "any food that purports to be a beverage that contains any fruit or vegetable juice" to carry a "percentage juice declaration." 21 C.F.R. § 101.30(a). Specifically, "if the beverage contains fruit or vegetable juice, the percentage *shall be declared* by the words 'Contains __ percent (or %) ____ juice' or '__ percent (or %) juice,'

4

or a similar phrase." *Id.* § 101.30(b)(1) (emphasis added). The percentage juice declaration can "be placed on the principal display panel" (*id.* § 101.30(f)), and is measured based on the amount of juice soluble solids (such as sugar) in the beverage (*id.* § 101.30(h)(1)).[1]

Moreover, federal law expressly recognizes that a product must be labeled "100% Juice" *even if* it "also contains non-juice ingredients" whether natural or artificial "that do not result in a diminution of juice soluble solids." 21 C.F.R. § 101.30(b)(3). If the product contains non-juice ingredients, it must also display a qualifying phrase, such as "'with added ___,' the blank filled in with a term such as 'ingredient(s),' 'preservative,' or 'sweetener,' as appropriate." *Id.*; *see also* 58 Fed. Reg. 2897, 2915 (Jan. 6, 1993) (qualifying phrase may be "filled in with the generic term 'ingredient'"). To that end, the Product Plaintiffs challenge *includes* the federally required "qualifying phrase" identifying the presence of non-juice "ingredients," 58 Fed. Reg. 2897, 2915 (Jan. 6, 1993)—here, the statement on the principal display panel, "APPLE JUICE FROM CONCENTRATE WITH OTHER NATURAL FLAVORS AND INGREDIENTS." *See* Spudic Decl., Ex. A.[2]

Plaintiffs' claims are preempted because they would prohibit Tropicana from including the "100% Juice" declaration based on the presence of malic acid, and thus would impose obligations

---

[1] FDA has established minimum "Brix levels" used for calculating the labeled percentage of juice. 21 C.F.R. § 101.30(h)(1). "Brix refers to 'an equivalent sugar scale of refractive indices for measuring soluble solids.'" *POM Wonderful LLC v. Purely Juice, Inc.*, CV-07-2633 CAS (JWJx), 2008 WL 4222045, at *9 (C.D. Cal. July 17, 2008) (citation omitted). "More simply stated, Brix is an approximate measure of the amount of dissolved solids (sugars) in a given liquid." *Id.*

[2] Tropicana has concurrently filed a Request for Judicial Notice, attached to this motion as Appendix A, respectfully requesting that the Court take judicial notice of the complete Product label, included as Exhibit A to the Declaration of Ruth Spudic ("Spudic Decl."). As explained in Tropicana's Request, courts routinely take judicial notice of complete product labels on a motion to dismiss where, as here, the complaint does not clearly or fully depict the labels at issue. *See, e.g.*, *Gubala v. CVS Pharmacy, Inc.*, 14-C-9039, 2015 WL 3777627, at *2 n.2 (N.D. Ill. June 16, 2015); *Svensrud v. Frito-Lay N. Am., Inc.*, 8:20-cv-714-JLS-DFM, 2020 WL 8575056, at *2 (C.D. Cal. Dec. 21, 2020).

"not identical" to the federal regulations. *See Bell v. Campbell Soup Co.*, 65 F. Supp. 3d 1328, 1332 (N.D. Fla. 2014) (claims challenging "100% juice" declaration as misleading were preempted); *cf. Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938, 956–58 (N.D. Cal. 2017) (claims challenging nutrient content claims as false or misleading based on presence of added sugar were preempted because FDA "expressly permitted" those claims and did not treat sugar as a "disqualifying ingredient"). The Product unquestionably "purports to be a beverage that contains" apple juice, 21 C.F.R. § 101.30(a), so federal law requires that "the percentage shall be declared," *id.* § 101.30(b)(1)—here, "100% Juice." *See* FAC ¶ 17. Federal law expressly permits Tropicana to include that declaration on the principal display panel. *See* 21 C.F.R. § 101.30(f). And federal law also expressly permits Tropicana to use the "generic term 'ingredient'" in the qualifying phrase. *See* 58 Fed. Reg. 2897, 2915 (Jan. 6, 1993). Plaintiffs are not entitled "to enjoin exactly what federal law expressly permits." *Red v. The Kroger Co.*, 10-cv-1025 DMG (MANx), 2010 WL 4262037, at *6 (C.D. Cal. Sept. 2, 2010).

Plaintiffs cannot impose a rule that would prohibit Tropicana from labeling the product "100% Juice" because it also contains malic acid. FDA specifically considered and rejected a proposal to "limit[] the 100 percent juice declaration to juice beverages that contain no additives." 58 Fed. Reg. 2897, 2915 (Jan. 6, 1993). Per FDA regulations, a "100% Juice" statement *only* "provide[s] information on whether a juice is diluted and if so, by how much." *Id.* It does not speak to whether the Product is 100% natural or contains artificial ingredients. *See POM Wonderful LLC*, 2008 WL 4222045, at *9 (explaining the percentage juice declaration has "little or no relevance to the authenticity, purity, [or] alteration"). Plaintiffs may disagree with FDA's approach to "100% Juice" claims, but they cannot use state law to rewrite the labeling requirements for Tropicana, and all their claims are therefore preempted. *See Gubala*, 2015 WL 3777627, at *4

("Further supporting preemption of Plaintiffs['] claims is the fact that the FDA specifically considered and rejected a proposal to enforce stricter requirements for labeling products.").

### B.  Plaintiffs Fail To State A Statutory Consumer Deception Claim

The FAC asserts four statutory consumer protection claims under the ICFA and the California UCL, FAL, and CLRA.  All of these claims allege violations of the statutes based on Tropicana's federally required "100% Juice" declaration, and thus should be dismissed as preempted by federal law.  But even if Plaintiffs' claims are not preempted, they cannot survive Rule 12(b)(6).

#### 1.  Plaintiffs Do Not Plausibly Allege That A Reasonable Consumer Would Be Deceived By The Challenged Labeling

Plaintiffs' statutory claims must be dismissed because the FAC fails to plausibly allege that a reasonable consumer would be misled by the Product's labeling.  Mem. Op. 22–23.  Plaintiffs' theory is that the Product's "100% Juice" label is deceptive because it "deceiv[es] consumers into believing they are purchasing a premium, all-natural product," when the Product actually contains malic acid.  FAC ¶ 13.  But this theory is both preempted and implausible in light of the FDA juice percentage regulations making clear that a "100% Juice" declaration does not mean a product contains only juice or only natural ingredients.  *See supra* at 6.  This case is different from the "100% Grated Parmesan" case referenced in the Court's prior opinion.  *See* Mem. Op. 29.  FDA has not defined "100% Grated Parmesan" nor required a percentage label on cheese products, so the Seventh Circuit held that it was plausible a consumer could be misled.  *See Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 481–84 (7th Cir. 2020) ("100% Grated Parmesan Cheese" label could be misleading because although FDA had defined "grated cheese," "[t]he problem lies in the '100%'").  Here, however, FDA *has* defined "100% Juice" to refer to the amount of "juice soluble

solids," and a product must be labeled "100% Juice" even if it "also contains non-juice ingredients that do not result in a diminution of the juice soluble solids." 21 C.F.R. § 101.30(b)(3).

Moreover, even if there were any ambiguity about the meaning of "100% Juice," the Product also contains an express qualifying phrase, as required by FDA regulations, stating that it contains additional, non-juice ingredients:



*See* Spudic Decl., Ex. A. Plaintiffs do not even *mention* this qualifying phrase in the FAC and conspicuously obscure it in the image they included in the FAC (which is reproduced below):



FAC ¶ 17.[3]

In light of the qualifying phrase on the principal display panel, Plaintiffs cannot allege that a reasonable consumer would be deceived by the Product labeling into believing the Product contains *only* 100% apple juice.  The qualifying phrase describes the Product as "APPLE JUICE FROM CONCENTRATE WITH OTHER NATURAL FLAVORS AND INGREDIENTS," dispelling any suggestion that the Product "is pure, natural, and not artificially flavored."  FAC ¶ 16.  Because this FDA-compliant qualifying phrase clarifies any potential ambiguity, "there is no possibility for deception."  *Killeen v. McDonald's Corp.*, 317 F. Supp. 3d 1012, 1013 (N.D. Ill. 2018); *see also Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) (no plausible claim of consumer deception where "other available information . . . would quickly dissuade a reasonable consumer"); *Moreno v. Vi-Jon, Inc.*, 20-cv-1446 JM(BGS), 2021 WL 807683, at *5 (S.D. Cal. Mar. 3, 2021) (collecting cases where dismissal was appropriate because "[q]ualifying language in the challenged advertising [made] the meaning of the alleged misrepresentation clear").  Indeed, the very reason FDA requires a qualifying phrase is "to clarify the issue of a 100 percent juice declaration on a product that includes non-juice ingredients."  58 Fed. Reg. 2897, 2915 (Jan. 6, 1993).

---

[3] Plaintiffs allege that the images in the FAC are "[a] true and accurate copy of the front of Tropicana's 100% Juice Apple Juice Product and the ingredients list."  FAC ¶ 17.  But the label Plaintiffs include—which appears to have been pulled from an Internet retail site—is no longer in production by Tropicana (*see* Spudic Decl. ¶ 5), which casts serious doubt on Plaintiffs' allegations that they actually purchased this Product.  This reflects a troubling pattern by Plaintiffs' counsel, who have previously been sanctioned for "knowingly ma[king] false factual contentions in their First Amended Complaint, including the allegation that the embedded image is a 'true and accurate representation' of" the product label.  *Hunt v. Sunny Delight Beverages, Co.*, 18-cv-557-JLS-DFM, 2018 WL 6786265, at *4 (C.D. Cal. Dec. 18, 2018).  Here, as in *Hunt*, the image Plaintiffs include in the FAC "omit[s] important disclaimers and other information included on the Product's actual labels."  *Hunt v. Sunny Delight Beverages, Co.*, 18-cv-557-JLS-DFM, 2019 WL 1873230, at *1 (C.D. Ca. Apr. 9, 2019).  Plaintiffs' gamesmanship is inappropriate; "the only relevant labels are the ones on the purchased Products themselves."  *Hunt*, 2018 WL 6786265, at *4.

In addition, because the qualifying phrase on the front of the packaging unambiguously identifies the presence of non-juice "ingredients," Plaintiffs "are not free to ignore the ingredient list" on the back of the packaging. Mem. Op. 24 (internal quotations omitted); *see also Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 20 (N.D. Cal. 2020) (same). As Plaintiffs acknowledge, the ingredient list discloses the presence of malic acid. FAC ¶¶ 17–18. And this is not a case where consumers are being asked to "test prominent front-label claims by examining the fine print on the back label." *Bell*, 982 F.3d at 477. Instead, a reasonable consumer would consider the qualifying phrase on the front of the packaging, and the ingredient list "confirm[s]" these "representations on the front, not contradict[s] them." *Brady v. Bayer Corp*, 26 Cal. App. 5th 1156, 1168 (Ct. App. 2018) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008)). Thus, the qualifying language and ingredient list further dispel any notion that a reasonable consumer could be misled to believe the Product's labeling promises all-natural juice, free of any additives. *See Steinberg v. Icelandic Provisions, Inc.*, 21-cv-5568-EMC, 2022 WL 220641, at *7 (N.D. Cal. Jan. 25, 2022) ("[B]ecause there are no misrepresentations on the Product's front label, the explicit disclosure of the place of manufacture on the Product's back label . . . is fatal to any alleged label misrepresentation regarding the place of origin."). Plaintiffs' failure to plausibly allege consumer deception requires dismissal of their amended claims for violations of the UCL, FAL, CLRA, and ICFA.

### 2. Plaintiffs Fail To State An "Unfair" Or "Unlawful" Claim Under The UCL

The FAC also fails to state a claim for relief under the UCL for additional reasons. *First*, Plaintiffs have not stated a claim under the "unfair" prong of the UCL because they do not plausibly allege a consumer injury, or that any consumer injury was not reasonably avoidable. "Under the UCL, '[a]n act or practice is unfair if the consumer injury is substantial, is not

outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could *reasonably have avoided*.'" *Simpson v. California Pizza Kitchen, Inc.*, 989 F. Supp. 2d 1015, 1026 (S.D. Cal. 2013) (emphasis added) (quoting *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 839 (Ct. App. 2006)). The FAC does not plausibly allege that the Product labeling is deceptive because the front of the packaging expressly discloses that the Product includes other, non-juice "ingredients." *See supra* at 9–10. And, as Plaintiffs concede, the ingredient list on the Product specifically discloses the presence of malic acid. *See* FAC ¶ 17–18. Because Plaintiffs had every opportunity to inspect the complete front and back labels of the Product, Plaintiffs could have "reasonably avoided" the purported injury here simply by reading the qualifying phrase and ingredient list. *See Simpson*, 989 F. Supp. 2d at 1026 (finding that the alleged injury could have been reasonably avoided where "[t]he nutrition facts panels of all of the Contested Pizzas clearly indicate their [trans-fatty acid] content").[4]

*Second*, Plaintiffs cannot state a claim under the UCL's "unlawful" prong because the Product's labeling complies with federal law governing the "100% Juice" declaration. Product labeling that is not only permitted, but required, is not unlawful. *See Simpson*, 989 F. Supp. 2d at 1025–26 (dismissing plaintiff's claim under the UCL's unlawful prong after determining that Defendant cannot be held liable for the alleged predicate violation of law); *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1156, 1163 (N.D. Cal. 2011) (same).

*Finally*, Plaintiffs' equitable claims for restitution under the UCL must be dismissed because Plaintiffs were required, but failed, to plead that they lack an adequate remedy at law. *See*

---

[4] To the extent Plaintiffs also attempt to assert a UCL claim based on alleged injury to "competing food product manufacturers" (FAC ¶ 124), these claims fail because the Plaintiffs do not purport to be competitors of Tropicana and thus lack constitutional and statutory standing to raise such a claim. The "irreducible constitutional minimum of standing" requires that each plaintiff have personally suffered an injury in fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir. 2020) (affirming dismissal of UCL claims where plaintiff "fail[ed] to demonstrate that she lack[ed] an adequate legal remedy"). "A UCL action is equitable in nature," *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003), and the "remedies available in a UCL or FAL action are limited to injunctive relief and restitution," both of which are equitable remedies. *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (Ct. App. 2009). Here, Plaintiffs seek damages in connection with their California common law and statutory fraud by omission and negligent misrepresentation claims, as well as their CLRA claim—so they cannot allege they lack a remedy at law. *See* FAC ¶¶ 107, 134, 154, 173. It "matters not that a plaintiff may have no remedy if her other claims fail," because "where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable." *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017) (quoting *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) (emphasis in original)).

### 3. Plaintiffs' ICFA Claims Based On Purchases Outside Illinois Must Be Dismissed

Plaintiffs purport to assert ICFA claims based on purchases nationwide. FAC ¶¶ 74, 95–108. If Plaintiffs' ICFA claim is not dismissed outright, it must be limited to purchases of the Product within Illinois. Dismissal is appropriate at the pleading stage where a plaintiff seeks impermissible extraterritorial application of a state statute on the face of the complaint. *See Kubilius v. Barilla Am., Inc.*, No. 18 C 6656, 2019 WL 2861886, at *2 (N.D. Ill. July 2, 2019). The Seventh Circuit has underscored that "[s]tate consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's laws to sales in other states with different rules." *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002). And because the Illinois Supreme Court has concluded that ICFA "does not have extraterritorial effect,"

a plaintiff pursuing an ICFA claim must show that "the disputed transaction occur[red] primarily and substantially in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 853–54 (Ill. 2005). It is "insufficient" that the defendant's principal place of business is in Illinois. *Van Zeeland v. Rand McNally*, 532 F. Supp. 3d 557, 570 (N.D. Ill. 2021) (Valderrama, J.). Plaintiffs' proposed nationwide class includes "[a]ll citizens of U.S. states and territories" who purchased the Product anywhere "in the U.S." FAC ¶ 74. The class thus covers purchases that did not occur primarily and substantially in Illinois, and claims based on these purchases must be dismissed.

### C. Plaintiffs Fail To State Viable Common Law Claims

The FAC alleges claims for negligent misrepresentation and fraudulent omission under California law. *See* FAC ¶¶ 138–43, 152–62. To the extent these claims are not dismissed as preempted, Plaintiffs also have failed to state a plausible claim for relief.

This Court recognized in its prior order that, "[u]nder California law, a negligent misrepresentation claim requires a positive assertion, not merely an omission." Mem. Op. 35 (quoting *In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1230 (C.D. Cal. 2017)). The Court also suggested that if Plaintiffs had purchased the Product, they could potentially allege "a 'positive' assertion based on the 'Tropicana 100% Juice Apple Juice' Product, namely, that the Product is '100% Juice.'" *Id.* at 35. But under FDA regulations, "100% Juice" is a required statement about the amount of juice soluble solids in the product—not a representation about the presence or lack thereof of artificial ingredients. The FAC still fails to state a claim for negligent misrepresentation because Plaintiffs do not plausibly allege "a *misrepresentation* of a past or existing material fact." *Id.* at 36–37 (quoting *Augustine v. Talking Rain Beverage Co., Inc.*, 386 F. Supp. 3d 1317, 1330 (S.D. Cal. 2019) (emphasis added)). Moreover, the qualifying phrase on the Product's principal display panel makes clear that it includes "other natural flavors and

ingredients" in addition to juice, and the ingredient list confirms the Product contains malic acid. *See supra* at 9–10. There is no misrepresentation.

Plaintiffs' fraudulent omission claim fails for similar reasons. Under California law, fraudulent omission requires "conceal[ment] or suppress[ion] [of] a material fact." Mem. Op. 39–40 (quoting *Stofer v. Shapell Indus., Inc.*, 233 Cal. App. 4th 176, 186 (App. Ct. 2015)). Because Tropicana labels the principal display panel with qualifying language explicitly stating that the Product contains non-juice ingredients and expressly discloses the existence of malic acid in the ingredient list, Plaintiffs cannot plausibly allege that Tropicana concealed the presence of malic acid in the Product. *See supra* at 9–10.

Moreover, even if Plaintiffs have plausibly alleged any material misrepresentation or omission, their claims still fail because Plaintiffs have not plausibly alleged "justifiable reliance" on the misrepresentation or omission. Mem. Op. 37 (quoting *Augustine*, 386 F. Supp. 3d at 1330); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (under California law, "justifiable reliance" is an element for fraud by omission or concealment). Courts applying California law have equated "justifiable reliance" with the reasonable consumer standard. *See, e.g.*, *Girard v. Toyota Motor Sales, U.S.A., Inc.*, 316 F. App'x 561, 562 (9th Cir. 2008) ("Girard's negligent misrepresentation claim likewise hinges on the reasonable consumer standard since justifiable reliance cannot be established if reasonable consumers would not rely on the purported misrepresentation."); *Forouzesh v. Starbucks Corp.*, 16-cv-3830 PA (AGRx), 2016 WL 4443203, at *4 (C.D. Cal. Aug. 19, 2016) (dismissing California negligent misrepresentation claim because plaintiff failed to plead "that a reasonable consumer could justifiably rely on the [allegedly misleading] statements"). As explained above, a reasonable consumer would not be "defrauded" by the Product's label. *See supra* at 9–10.

## V.    CONCLUSION

This Court previously dismissed Plaintiffs' defective claims in a thorough and comprehensive opinion that afforded Plaintiffs ample opportunity to amend.  But Plaintiffs' efforts to re-plead are unavailing.  Plaintiffs' claims seeking to impose new standards for the labeling of "100% Juice" products would require labeling that is not identical to federal requirements and are therefore preempted.  To the extent any of Plaintiffs' claims are not preempted, they fail on numerous other grounds, including Plaintiffs' failure to plausibly allege that a reasonable consumer would be misled by the Product labeling.  No amendment can cure these fundamental deficiencies.  This Court should dismiss Plaintiffs' FAC in its entirety, with prejudice.  *See Turek*, 662 F.3d at 427.

Dated: February 17, 2022

By: *Andrew S. Tulumello*

Andrew S. Tulumello
Arianna M. Scavetti
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street, N.W.
Washington, DC 20036
Telephone: (202) 682-7100
Facsimile: (202) 857-0940
drew.tulumello@weil.com
arianna.scavetti@weil.com

Erik J. Ives
**FOX SWIBEL LEVIN & CARROLL LLP**
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1239
Facsimile: (312) 224-1201
eives@foxswibel.com

*Attorneys for Defendant Tropicana Manufacturing Company, Inc.*

16

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on February 17, 2022, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which is also served upon counsel for all parties of record.


*/s/      Erik J. Ives*
Erik J. Ives