# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| JACQUELINE WILLARD, an individual, and AMIE BLACKMAN, an individual, on behalf of themselves individually, and on behalf of all others similarly situated, and the general public, | Case No: 1:20-cv-01501 |
| Plaintiffs, | Honorable Franklin U. Valderrama |
| v. | Honorable Magistrate Sheila M. Finnegan |
| TROPICANA MANUFACTURING COMPANY, INC. a Delaware corporation; | |
| Defendant. | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT TROPICANA MANUFACTURING COMPANY, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

i

Plaintiffs Jacqueline Willard and Amie Blackman (collectively "Plaintiffs"), on behalf of themselves, all others similarly situated, and the general public, respectfully submit this Opposition in Response to the Motion to Dismiss First Amended Complaint that was filed by Defendant Tropicana Manufacturing Company, Inc. ("Defendant") on February 17, 2022. Dkt. No. 44 ("MTD"). For the reasons set forth below, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss in its entirety.

## I.      INTRODUCTION

This is a consumer protection class action concerning Defendant's failure to disclose the use of an artificial flavoring ingredient in its Tropicana 100% Juice Apple Juice Product (the "Product"). *See* Dkt. No. 41 ("FAC"). As the FAC alleges, Defendant advertises on the Product's front label that the Product is characterized by the fruit flavor apple and the Product label displays pictorial representations of the same fresh, ripe fruit. *See* FAC ¶ 17. However, the Product contains the artificial flavoring ingredient dl-malic acid and "[t]he synthetic dl-malic acid in the Product simulates, resembles, and reinforces the characterizing fruit flavor for the Product." FAC ¶¶ 27. 41. "Because the Product contains added flavoring ingredients that simulate and reinforce the characterizing flavor, the Product's front label is required by both federal and state law to disclose that fact." *See* FAC ¶ 25, citing Illinois Consumer Fraud Act; California Health & Safety Code § 109875 *et seq*., (Sherman Law), incorporating 21 C.F.R. § 101.22. The Product's label omits this disclosure. FAC ¶ 23. Defendant's misleading representations coupled with the Products' omission of the legally-required artificial-flavor disclosure is deceptive.

In its Motion to Dismiss, Defendant argues (1) Plaintiffs' claims are preempted, (2) Defendant's violations are not likely to mislead a reasonable consumer, (3) Plaintiffs fail to state plausible claims, and (4) the ICFA does not apply to non-Illinois residents. None of Defendant's grounds for dismissal are persuasive. Other district courts have previously rejected these arguments and declined to dismiss similar cases involving the use of malic acid as an artificial flavoring ingredient. *See, e.g., Allred v. Kellogg Co.*, 2018 WL 1158885 (S.D. Cal. Feb. 23, 2018); *Brown v. Starbucks Corporation*, 2019 WL 4183936 (S.D. Cal. Sept. 3, 2019); *Gross v. Vilore Foods Company, Inc.*, 2021 WL 1428487 (S.D. Cal. Apr. 15, 2021); *Dephillippis v. Living*

*Essentials, LLC,* No. 3:18-cv-00404-BEN-MDD, 2018 WL 7051065 (S.D. Cal. Nov. 29, 2018). This Court should reach a similar conclusion and deny Defendant's Motion to Dismiss in its entirety.

## II.     FACTUAL BACKGROUND

This action was filed on February 28, 2020 in the United States District Court for the Northern District of Illinois. *See* Dkt. No. 1 ("Compl."). On June 29, 2020, Defendant filed a Motion to Dismiss the Complaint. Dkt. No. 23. On December 30, 2021, the Court granted in part and denied in part Defendant's Motion to Dismiss and granted Plaintiffs leave to amend. *See* Dkt. No. 34. On January 20, 2022, Plaintiffs filed a First Amended Complaint ("FAC"). Dkt. No. 41.

Plaintiffs are purchasers of Defendant's Product. FAC ¶¶ 60-62. Plaintiffs allege that they justifiably relied upon and were deceived by the Product's deceptive labeling, specifically the omission of the legally-required notice that the Product contains an artificial flavoring ingredient. FAC ¶¶ 63-64. "Because the Product contains added flavoring ingredients that simulate and reinforce the characterizing flavor, the Product's front label is required by both federal and state law to disclose that fact." FAC ¶ 25 (citing Illinois Consumer Fraud Act; California Health & Safety Code § 109875 *et seq.,* (Sherman Law), incorporating 21 C.F.R. § 101.22.). Plaintiffs allege that Defendant's failure to "disclose that the 100% Juice Apple Juice product contains artificial flavor … violates federal law and deceives consumers." FAC ¶¶ 20-21.

Plaintiffs allege Defendant has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq*., California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"), and Plaintiffs bring further causes of action for fraud by omission and negligent misrepresentation. *See* FAC ¶¶ 95-174. Plaintiffs seek to represent a nationwide class of consumers defined as "All citizens of U.S. states and territories who made retail purchases of the Product in the U.S. for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff, on or after February 28, 2017 and until notice is disseminated to the Class." FAC ¶ 74. Plaintiffs also seek to represent

Illinois and California Sub-Classes. FAC ¶¶ 75-76.

### III.   LEGAL STANDARD

A pleading that sets forth a claim for relief "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the purpose of pleading a "short and plain statement of the claim" is merely to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

"In considering a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded facts as true, draws all inferences in the plaintiff's favor, and construes all facts in the light most favorable to the plaintiff." *Terrazzino v. Wal-Mart Stores, Inc*., 335 F.Supp.3d 1074, 1082 (N.D. Ill. 2018). Thus, to survive a motion to dismiss, a plaintiff is required to allege only "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). The liberal pleading standard applied by federal courts comports with Rule 8(e), which says "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

### IV.   ARGUMENT

#### A.  Plaintiffs' Claims Are Not Preempted

Defendant's preemption argument was already rejected by this Court in its Order regarding Defendant's Motion to Dismiss Plaintiffs' Complaint. *See* Dkt. No. 34 at pp. 18-20 ("Plaintiffs' claims that the Products are misleading to consumers because they fail to include a front-facing 'artificially-flavored' disclaimer, are not preempted by federal regulations."). Despite this unambiguous Order, Defendant now argues that Plaintiffs' claims are preempted because federal law requires the Product to include a "100% Juice" claim. *See* MTD at pp. 4-7. Defendant's argument is misguided because Plaintiffs' FAC does not challenge the Products' "100% Juice" claim. *See generally*, FAC. Instead, Plaintiffs' FAC alleges, as the Complaint alleged, that Defendant violates federal regulations because it affirmatively represents that the Product is

3

flavored with the natural fruit "apple" and fails to include a front-facing "artificially flavored" disclosure as required by federal and state law. *See* FAC ¶¶ 35-45 (citing 21 C.F.R. § 101.22(i)). Specifically, Plaintiffs allege "'Apple' is a primary recognizable flavor identified on the '100% Juice Apple Juice' Product front labels" and therefore "[a]pple is a characterizing flavor for this Product under state and federal regulations." FAC ¶ 38. The FAC further alleges, "[i]f any artificial flavor is present in the product which 'simulates, resembles or reinforces' the characterizing flavor, the food must be prominently labeled as 'Artificially Flavored.'" FAC ¶ 40 (citing California's Sherman Law, incorporating 21 C.F.R. § 101.22(i)(3), (4)). Despite this mandate, Plaintiffs allege "Defendant failed to include the legally-required 'Artificially flavored' or 'Artificial flavor' disclosure on the label of the Product" and thus, "[t]he Product [] violates federal and state law". FAC ¶¶ 23-24. Plaintiffs plausibly allege that Defendant's conduct violates the applicable federal regulations and state law.

Federal courts have uniformly denied motions to dismiss in similar cases involving the use of malic acid as an artificial flavoring ingredient and alleging deception based on product labels missing the same required disclosures. *See, e.g., Brown v. Starbucks Corporation*, 2019 WL 4183936, at *3 (S.D. Cal. Sept. 3, 2019) (denying motion to dismiss based on "omission of an artificial flavor disclosure"); *DePhillippis v. Living Essentials, et. al*., 2018 WL 7051065, at *4-5 (S.D. Cal. 2018) (denying motion to dismiss where plaintiff alleged that product (1) was advertised with fruit flavor names identified on the front label, (2) contained an artificial flavoring ingredient, and (3) did not include an artificial flavoring disclaimer on the front of the product labels.); *Gross v. Vilore Foods Company, Inc*., 2021 WL 1428487, at *1 (S.D. Cal. Apr. 15, 2021) (denying motion to dismiss where plaintiffs alleged defendant "acted fraudulently by failing to provide an 'artificially flavored' disclosure on the front-label as required by federal and state law."). This Court should reach the same conclusion here.

## B. Plaintiffs Allege that a Reasonable Consumer Would be Deceived

Defendant argues "the FAC fails to plausibly allege that a reasonable consumer would be misled by the Product's [100% Juice label]" because "the FDA juice percentage regulations mak[e] clear that a '100% Juice' declaration does not mean a product contains only juice or only natural

ingredients." MTD at p. 8. Again, Plaintiffs do not challenge the Product's "100% Juice" claim. Further, as this Court previously recognized, "dismissal of [] claims for failure to plausibly allege that reasonable consumer would likely be deceived by the pack[ag]ing is appropriate only in rare situations." Dkt. No. 34 at pp. 24-25 (citing *Reid v. Johnson & John*son, 780 F.3d 952, 958 (9th Cir. 2015)). This case does not present one of those rare situations.

Here, the Product's label affirmatively represents that the Product is flavored with the natural fruit (apple) and omits the front-label "artificially flavored" disclosure required by federal regulations and state law. *See* FAC ¶ 9-25 (citing 21 C.F.R. § 101.22). A reasonable consumer would certainly be misled into believing that the Product contains only natural flavoring where the Product's label omits an "artificially flavored" disclosure and instead represents that the Product is flavored with the natural fruit, apple. Other district courts have denied motions to dismiss in similar cases involving similar allegations regarding the use of malic acid as a flavoring ingredient. *See Brown v. Starbucks Corporation*, 2019 WL 4183936, at *3 (S.D. Cal. Sept. 3, 2019) (denying motion to dismiss based on "omission of an artificial flavor disclosure" and finding reasonable inference that "a reasonable consumer would expect a product only contains natural flavors when the product's packaging does not disclose the use of artificial flavors near the description of its characterizing flavors."); *Gross v. Vilore Foods Company, Inc.*, 2021 WL 1428487 at *4-5 (S.D. Cal. Apr. 15, 2021) (finding product labels "'could likely deceive a reasonable consumer' into thinking the Products are naturally flavored" where "the words 'Peach Nectar' and 'Guava Nectar' are featured prominently on the front labels of the respective Products above images of peaches and guavas"); *Allred v. Kellogg Co.*, 2018 WL 1158885, at *3 (S.D. Cal. Feb. 23, 2018) ("A reasonable consumer could construe the packaging as depicting all natural ingredients and flavors…The threshold in a Rule 12 motion is necessarily not high, and [plaintiffs have] pled enough facts alleging a reasonable consumer could believe the [product was] naturally, and not artificially, flavored."); *DePhillippis v. Living Essentials, et. al.*, 2018 WL 7051065, at *4-5 (S.D. Cal. 2018) (denying motion to dismiss where plaintiff alleged that product (1) was advertised with fruit flavor names identified on the front label, (2) contained an artificial flavoring ingredient, and (3) did not include an artificial flavoring disclaimer on the front of the product labels.).

5

Defendant argues "the Product also contains an express qualifying phrase, as required by FDA regulations, stating that it contains additional, non-juice ingredients … 'APPLE JUICE FROM CONCENTRATE WITH OTHER NATURAL FLAVORS AND INGREDIENTS,' dispelling any suggestion that the Product 'is pure, natural, and not artificially flavored." MTD at pp. 9-10.[1] To the contrary, this "qualifying statement" *strengthens* Plaintiffs' claims that the Products are misleading to reasonable consumers, as the affirmative representation that the Product contains "natural flavors and ingredients" contrasts with and further conceals the fact that the Product contains an *artificial* flavoring ingredient. Further, consumers are accustomed to seeing artificial-flavor disclosures on artificially-flavored products, as these disclosures are required by state and federal regulations. *See* 21 C.F.R. 101.22. The Product at issue, however, does not contain this legally-required disclosure (FAC ¶ 20). Instead, the Product's front-label represents that the Product is flavored with natural fruit (apple). *See* FAC ¶ 17. The front label does not say *anything* about the flavors being artificial. *See id*. These factors have the capacity, likelihood, and tendency to deceive reasonable consumers. *See Brown v. Starbucks Corporation*, 2019 WL 4183936, at *3 (S.D. Cal. Sept. 3, 2019) (reasonable consumers could be misled where product label claimed product was "watermelon, apple, tangerine, or lemon flavored" and omitted an "artificially flavored" disclosure).

Defendant next contends that the disclosure of malic acid on the back of the Product label immunizes it from liability for its front-label violations of federal and state law. *See* MTD at p. 11. However, the case law is clear that consumers are not required to scrutinize a product's rear label to correct false impressions created by a product's misleading front-of-package labeling. *Williams v. Gerber Prod. Co*., 552 F.3d 934, 939 (9th Cir. 2008) ("We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception. Instead,

---

[1] Defendant cites to *Hunt* and argues that Plaintiffs' counsel has been previously sanctioned. *See* MTD at 10, n. 3 (citing *Hunt v. Sunny Delight Beverages, Co*., 2018 WL 6786265 (C.D. Cal. 2018)). But Plaintiffs' counsel were not sanctioned in that case – only the plaintiff was sanctioned. Further, Defendant does not contest that the Product is and was advertised as an "Apple" juice product.

reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging."). Here, the presence of malic acid in the ingredient list does not immunize Defendant from liability for failing to identify the presence of artificial flavors on the Product's front label as required by federal and state law. *See* 21 C.F.R. 101.22. Moreover, even if a consumer were to view the ingredient list on the rear-label of the Product, the consumer would be unable to determine whether the malic acid used was a natural or synthetic compound because Defendant fails to identify that the synthetic isomer of malic acid is used in the Product. Thus, the simple identification of "malic acid" on the Products' rear-label does not shield Defendant from its liability. *Gross v. Vilore Foods Company, Inc.,* 2021 WL 142848, at *4-5 (S.D. Cal. April 15, 2021) (rejecting identical argument).

**A. Plaintiffs Have Stated Claims for "Unlawful" and "Unfair" Conduct under the UCL**

    **1. Plaintiffs State a Claim Under the "Unlawful" Prong of the UCL because Plaintiffs Have Alleged Violations of California's Sherman Law and Its Incorporated Federal Regulations**

Plaintiffs' FAC alleges that Defendant's labeling of the Product violates "*inter alia*, FDA regulations and California's Sherman Law." FAC ¶ 111. The Court in *Engurasoff v. Coca-Cola Company* noted that "the Sherman Laws specifically adopted certain provisions that mirror or incorporate by reference [federal] food labeling and packaging requirements, including the following provisions that, *inter alia*, form the basis for the 'unlawful' prong of plaintiff's UCL claim: 'Any food is misbranded if it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, *unless its labeling states that fact. . . ..*" No. C 13-03990 JSW, 2014 WL 4145409, at *3 (N.D. Cal. Aug. 21, 2014) (emphasis added). Here, the FAC alleges "[t]he Product's label fails to disclose that it contains a synthetic artificial flavoring in violation of 21 C.F.R. § 101.22 and California's Sherman Law." FAC ¶ 115; *Engurasoff,* 2014 WL 4145409, at *3. Because Defendant has violated the Sherman Law and the FDA regulations cited in Plaintiffs' FAC, it has also violated the UCL unlawful prong.

    **2. Plaintiffs Also State a Claim Under the "Unfair" Prong of the UCL**

Defendant argues "Plaintiffs have not stated a claim under the 'unfair' prong of the UCL

because they do not plausibly allege a consumer injury, or that any consumer injury was not reasonably avoidable." MTD at p. 11. However, Plaintiffs' FAC cites to a study in Forbes Magazine showing that "88% of consumers recently polled indicated they would pay more for foods perceived as natural or healthy." FAC ¶ 48. Because of Defendant's omission, consumers are more likely to perceive the Products as being a healthier "natural" option. *See* FAC ¶ 16 ("Defendant intended to give reasonable consumers like the Plaintiffs the impression that the Product is pure, natural, and not artificially flavored, by packaging, labeling, and advertising the Product in this way."). The impact to the class members— the victims of Defendant's deceptive advertising scheme— is great in this case because "[h]ad Defendant properly and conspicuously disclosed all material information regarding the Product, Plaintiffs and the Class would not have purchased the Product or would only have been willing to pay less for the Product than they did." FAC ¶ 132; *see also* FAC ¶ 133 ("Plaintiffs and the California Sub-Class suffered injury in fact and lost money or property as a result of Defendant's deceptive advertising: they were denied the benefit of the bargain when they purchased the Product based on Defendant's violation of the applicable laws and regulations, and purchased the Product in favor of competitors' products, which are less expensive, contain no artificial flavoring, or are lawfully labeled."). Plaintiffs sufficiently alleged consumer injury.

Defendant argues "[b]ecause Plaintiffs had every opportunity to inspect the complete front and back labels of the Products, Plaintiffs could have 'reasonably avoided' the purported injury here simply by reading the qualifying phrase [that the Product includes other, non-juice 'ingredients'] and ingredient list [listing malic acid]." MTD at p. 12. As discussed above, however, because the Product's labels are required by law to contain a front-label "artificially flavored" disclosure, consumers are not required to scrutinize the ingredient list on the *back* of the product label to determine for themselves the presence of an artificial characterizing flavor or to discover that the front label is misleading and violates the law. *See Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008). Further, that the Product includes other, non-juice ingredients does not put consumers on notice that the Product contains any *artificial* flavoring ingredients. *See* 21 C.F.R. 101.22. And in fact, the "qualifying statement" cited by Defendant that the Product contains

"natural flavors and ingredients" contrasts with and further conceals the fact that the Product contains artificial flavors. Finally, as discussed above in Section IV(B), the presence of malic acid in the ingredient list does not put consumers on notice that the Product contains artificial flavors, as Defendant does not identify the malic acid used in the Product as the artificial version of malic acid (nor are consumers required to scrutinize the ingredient list on the back of a product label to discover for themselves the presence of artificial flavors).

Defendant's citation to *Simpson v. California Pizza Kitchen, Inc.*, 989 F.Supp.2d 1015 (S.D. Cal. 2013) is easily distinguishable. There, the Plaintiffs' UCL claims "were premised upon Defendants' use of artificial trans fatty acids ('TFAs') — specifically, partially hydrogenated vegetable oil ('PHVO') — in certain of their frozen pizza products [] when safer alternatives are available." *Simpson*, 989 F.Supp.2d at 1019. The Court held that this injury could have been avoided because "[t]he nutrition facts panels of all of the Contested Pizzas clearly indicate their TFA content". *Simpson*, 989 F.Supp.2d at 1026. Significantly, the TFA content was not required to be disclosed on the products' front labels and the consumer could simply look at the ingredient list to determine whether the products contained TFAs. By contrast, here, federal and state law require the Product to contain an "artificially flavored" disclosure on the Product's front label. 21 C.F.R. 101.22. The fact that the back side of the Product discloses the presence of natural malic acid does not cure the misleading nature of the front side. *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008) ("[w]e do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception."). Here, Plaintiffs could not have discovered the presence of artificial flavors in the Products other than by subjecting the Product to laboratory analysis to test for the presence of artificial malic acid in the Product. *See* FAC ¶ 65 ("Plaintiffs, as reasonable consumers, are not required to subject consumer food products to laboratory analysis, to scrutinize the labels on the back of products to discover that a front label is false and misleading, or to search the labels for information that federal regulations require be displayed prominently on the front – and, in fact, under state law are entitled to rely on statements that Defendant deliberately places on the Product's labeling."). Defendant's Motion should be

denied.

### 3. Plaintiffs are Entitled to Equitable Relief

Defendant cites to *Sonner* and argues "Plaintiffs' equitable claims for restitution under the UCL must be dismissed because Plaintiffs were required, but failed, to plead that they lack an adequate remedy at law." MTD at p. 12 (citing *Sonner v. Premier Nutrition Corp.,* 962 F.3d 1072 (9th Cir. 2020). Contrary to Defendant's assertion, the equitable remedy of an injunction is appropriate where Plaintiffs are suffering continual injury. *Spirtos v. Allstate Inc., Co*., 2003 WL 25900368, at *4 (C.D. Cal., Jan. 10, 2003). Here, Plaintiffs and class members continue to suffer from injuries based on Defendant's omission of the legally-required "artificially-flavored" disclosure. FAC ¶¶ 9-25; FAC ¶ 83 ("Because Defendant's misrepresentations were made on the labels of the Product, all Class members, including Plaintiffs, were exposed to and continue to be exposed to the omissions and affirmative misrepresentations."). The injury to consumers cannot be fully compensated through an award of monetary damages because the Product as currently labeled is deceptive and misleading and injunctive relief is necessary to put a stop to the continuing harm. A legal remedy is not adequate in these circumstances, and it is appropriate to permit Plaintiffs to assert the equitable remedy of an injunction. *See Deras v. Volkswagen Group of America, Inc*., 2018 WL 2267448, at *6 (N.D. Cal. May 17, 2018) (court finding "no bar to the pursuit of alternative remedies at the pleadings stage" where plaintiffs argued legal remedy was inadequate) (citing *Aberin v. Am. Honda Motor Co., Inc*., 2018 WL 1473085, at *9 (N.D. Cal. Mar. 26, 2018) (internal quotations omitted). Further, the California Supreme Court has reaffirmed that public injunctive relief is the "primary remedy" available to consumers for violations of California's consumer protection laws. *See McGill v. Citibank, N.A*., 2 Cal. 5th 945, 951 (2017); *In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009) ("the primary form of relief available under the UCL to protect consumers from unfair business practices is an injunction, along with ancillary relief in the form of such restitution..."). Plaintiffs do not have an adequate remedy at law here because the Product continues to omit the legally-required "artificially flavored" disclosure, and an injunction is necessary to prevent future purchasers from being misled. *See Coleman v. Mondelez International, Inc*., 2021 WL 6618557, at *6 (C.D. Cal. 2021) (plaintiff could pursue

equitable relief where she alleged that "injunctive relief, in the form of packaging or label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendant's unlawful marketing efforts" and to "prevent future purchasers from being misled").

Defendant's citation to *Sonner* is inapposite because *Sonner* only dealt with "past harm" under the UCL, and not future harm. *See Sonner v. Premier Nutrition Corp.*, 2020 WL 4882896 at *7 (9th Cir. 2020). Notably, "[i]njunctive relief [was] not at issue" in *Sonner*. *Id*. at *6. Plaintiffs' claims for injunctive relief are therefore not precluded by the ruling in *Sonner*. *See Gross v. Vilore Foods Company, Inc*., 2020 WL 6319131, at *3 (S.D. Cal. 2020) ("Plaintiffs respond that *Sonner* is distinguishable because it involved only a request for restitution, not a request for injunctive relief, which is part of the remedy Plaintiffs request here. The Court agrees with Plaintiffs that *Sonner* is distinguishable, for that reason and others."); *Roper v. Big Heart Pet Brands, Inc*., 510 F.Supp.3d 903, 917 (E.D. Cal. 2020) (concluding that *Sonner* did not prevent plaintiff from "pursu[ing] her equitable claims for injunctive relief"); *Souter v. Edgewell Personal Care Company*, 2022 WL 485000 at *13 (S.D. Cal. 2022) ("The Court agrees with Plaintiff that *Sonner* is inapplicable because it does not apply to claims of false advertising that may result in a future harm, which Plaintiff is alleging here.").

### C. A Detailed Choice of Law Analysis is Improper at this Stage of the Litigation

Defendant argues that Plaintiffs' ICFA claim "must be limited to purchases of the Product within Illinois." MTD at p. 13. Defendant is essentially asking this Court to dismiss Plaintiffs' nationwide class allegations at the pleadings stage. Courts reject this argument at this stage of the litigation, both because it is prematurely raised on a motion to dismiss and also because Defendants, not Plaintiffs, bear the burden on this choice-of-law issue. *See Werdebaugh v. Blue Diamond Growers*, No. 12-cv-02724-LHK, 2013 WL 5487236, at *16 (N.D. Cal. Oct. 2, 2013) (denying the defendant's motion to strike nationwide class claims because "there has been no choice-of-law analysis in this case: Defendant—who bears the burden of demonstrating that foreign law, rather than California law, should apply to class claims in a California choice-of-law analysis—provides no support for its position that foreign law conflicts with California law, let

11

alone that this conflict is so severe as to preclude applying California law to Werdebaugh's class claims." (citation and quotation marks omitted)).

The *Werdebaugh* Court noted that a detailed choice of law analysis, as required by *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) ("*Mazza*"), "would be premature" at the pleadings stage. *Werdebaugh*, 2013 WL 5487236, at *16. Other courts are in accord with this holding. *See, e.g.*, *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 573 (N.D. Cal. 2013) ("Such a detailed choice-of-law analysis is not appropriate at [the motion for judgment on the pleadings] stage of the litigation. Rather, such a fact-heavy inquiry should occur during the class certification stage, after discovery."); *In re Clorox Consumer Litig.*, 894 F.Supp.2d 1224, 1237 (N.D. Cal. 2012) ("Significantly, *Mazza* was decided on a motion for class certification, not a motion to strike. At [the motion to dismiss] stage of the instant litigation, a detailed choice-of-law analysis would be inappropriate.") (citation omitted); *T. K. v. Adobe Sys. Inc.*, No. 17-CV-04595-LHK, 2018 WL 1812200, at *13 (N.D. Cal. Apr. 17, 2018) ("The Court finds that a more detailed choice-of-law analysis is required to rule on this issue, and so the Court sees no reason to depart from its usual approach of addressing choice-of-law issues at a later stage."). Because Defendant's argument regarding Plaintiffs' claims for non-Illinois residents is premature, Defendant's Motion should be denied.

### D. Plaintiffs State Viable Common Law Claims

#### 1. Plaintiffs Adequately State a Claim for Negligent Misrepresentation

Defendant argues that the "FAC still fails to state a claim for negligent misrepresentation because Plaintiffs do not plausibly allege 'a *misrepresentation* of a past or existing material fact.'" MTD at p. 14 (emphasis in original). Not so. As discussed above, Defendant affirmatively represents that the Product is flavored with the natural fruit "apple". This assertion is deceptive and misleading, however, because the Product is flavored with an artificial flavoring ingredient. Moreover, the "qualifying statement" cited by Defendant that the Product contains "natural flavors and ingredients" is an additional affirmative misrepresentation that further conceals the fact that the Product is artificially flavored. *See Augustine v. Talking Rain Beverage Company, Inc.*, 386 F.Supp.3d 1317, 1322-23, 1331 (S.D. Cal. 2019) (denying motion to dismiss negligent

12

misrepresentation claim where product "label prominently displays a 'naturally flavored designation,' and omits the legally required 'artificially flavored' disclosure, yet an ingredient identified on the back 'malic acid,' is an artificial flavor.").

### 2. Plaintiffs Adequately State a Claim for Fraud by Omission

Defendant argues "Plaintiffs cannot plausibly allege that Tropicana concealed the presence of malic acid in the Product." MTD at p. 15. But Plaintiffs do not allege that the presence of malic acid in the Product is concealed; Plaintiffs allege that the Product fails to disclose the presence of *artificial flavors* in the Product. *See* FAC ¶¶ 9-25. Specifically, Plaintiffs allege "Defendant actively concealed the fact that the Product contains artificial flavoring ingredients." FAC ¶ 140. Defendant also made a partial representation by claiming that the Product is flavored with the natural fruit "apple", without disclosing that the Product is artificially flavored. FAC ¶¶ 9-25. The FAC alleges, "Defendant intended to give reasonable consumers like the Plaintiffs the impression that the Product is pure, natural, and not artificially flavored, by packaging, labeling, and advertising the Product in this way." FAC ¶ 16. Thus, Plaintiffs state a claim for fraud by omission.

Defendant next argues that Plaintiffs have not alleged "justifiable reliance" on Defendant's misrepresentations and omissions because "a reasonable consumer would not be 'defrauded' by the Product's label." *See* MTD at p. 15. As an initial matter, Defendant failed to raise this argument in its initial Motion to Dismiss and cannot raise it in a subsequent motion. *See Northstar Fin. Advisors Inc. v. Schwab Investments*, 135 F. Supp. 3d 1059, 1070–72 (N.D. Cal. 2015) ("Federal Rule of Civil Procedure 12(g)(2) 'generally precludes a defendant from bringing successive motions to dismiss raising arguments that the defendant failed to raise at the first available opportunity.'") (citing *Wafra Leasing Corporation 1999–A–1 v. Prime Capital Corporation*, 247 F.Supp.2d 987, 999 (N.D. Ill. 2002)); *see also* Fed. R. Civ. P. 12(g)(2) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). Here, Defendants' Motion to Dismiss raises new arguments that were available to Defendant when Plaintiffs filed their initial Complaint. The Court should decline to consider Defendant's belated arguments.

To the extent the Court is inclined to address this argument, Plaintiffs have sufficiently alleged justifiable reliance and have alleged that reasonable consumers would be misled. *See* Section IV(B), *supra*; *see also* FAC ¶ 63 ("Plaintiffs were deceived by, and justifiably relied upon, the Product's deceptive labeling. Plaintiffs, like any reasonable consumers, believed consistent with U.S. and state law that if a beverage label does not include a statement that it is artificially flavored then that beverage does not contain artificially flavor[ed] ingredients."). As the *Brown* court reasoned under analogous facts, Defendant's failure to label its Products as artificially-flavored supports Plaintiffs' contention that they were misled and that Plaintiffs reasonably expected that the Products contained only natural flavors because the labels did not disclose the use of artificial flavors (and instead represented that the Product was flavored with the natural fruit, apple). *See Brown v. Starbucks, supra*, 2019 WL 4183936, at *3; *see also Dephillippis, supra*, 2018 WL 7051065, at *5 ("Plaintiff has plausibly alleged her reliance based on the label's advertisement of a fruit-flavored product without an artificially flavored disclaimer and with an ingredient list identifying the artificial form of dl-malic acid by its generic name, 'malic acid.'"). Similarly here, Plaintiffs' allegations that they relied upon and were misled by Defendant's omission of the legally-required label disclosures adequately demonstrate reliance under California law. Defendant's Motion should be denied.

## V.     CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss in its entirety. If the Court dismisses any portion of the FAC, then Plaintiffs respectfully request leave to amend. Fed. R. Civ. P. 15(a).


DATED: March 17, 2022                Respectfully Submitted,


                              By:     */s/ Ronald A. Marron*
                                      Attorney for Plaintiffs
                                      California Attorney No. 175650
                                      Filing for pro hac vice
                                      Law Offices of Ronald A. Marron
                                      651 Arroyo Drive
                                      San Diego, CA 92103

14

Telephone: (619) 696-9006
Fax: (619) 564-6665
ron@consumersadvocates.com

*/s/ David Elliot*
Attorney for Plaintiffs
Illinois Attorney No. 6277822
Elliot Law Office, P.C.
3200 Fourth Avenue, Suite 207
San Diego, CA 92103
Telephone: (858) 228-7997
davidelliot@elliotfirm.com
***Counsel for Plaintiffs and the Proposed Class***

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 30, 2020, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which is also served upon counsel for all parties of record.

*/s/ Ronald A. Marron*
Ronald A. Marron