IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE WILLARD and AMIE BLACKMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE TROPICANA MANUFACTURING COMPANY, INC.,<br><br>Defendant. | Case No. 1:20-cv-01501<br><br>Honorable Franklin U. Valderrama<br><br>Honorable Magistrate Sheila M. Finnegan |

**DEFENDANT TROPICANA MANUFACTURING COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

I. INTRODUCTION

Plaintiffs' opposition brief fails to salvage any claim asserted in Plaintiffs' First Amended Complaint, ECF No. 41 ("FAC"), which challenges the labeling of one product: Tropicana 100% Juice Apple Juice (the "Product"). This Court already gave Plaintiffs an opportunity to amend their initial defective complaint, and the FAC does not cure any deficiency—it does not identify any aspect of the Product label that is plausibly false or misleading. Plaintiffs rely heavily on other malic acid-related cases involving different labeling for different products to argue their claims should proceed. But this Court has already distinguished those cases as "unhelpful" and "of limited benefit" when considering Plaintiffs' initial complaint, and those cases are just as unhelpful to Plaintiffs now. ECF No. 34 ("Mem. Op."), at 26, 28.

What Plaintiffs are missing is fundamental. In order to state a plausible claim for relief, Plaintiffs must allege why *this* labeling for *this* Product is deceptive under the reasonable consumer standard. Plaintiffs have not done so. Plaintiffs allege that Tropicana omitted an "artificially flavored" disclosure on the front of the Product, but this claim rests on an alleged technical regulatory issue and fails to establish that the labeling deceives a reasonable consumer. They expressly disavow that their claims are based on the Product's "100% Juice" statement—the only feature of the Product labeling that this Court previously recognized as even potentially misleading. And Plaintiffs' alternative theory—that the name "apple juice" or pictures of apples on the Product is deceiving—is barred by this Court's prior ruling. Plaintiffs' opposition brief confirms that their claims in the FAC are indistinguishable from the claims this Court already dismissed with prejudice. This Court should now dismiss the claims asserted in the FAC with prejudice.

## II. ARGUMENT

### A. Plaintiffs Fail To State A Statutory Consumer Deception Claim

Plaintiffs' opposition brief does not point to any aspect of the Product's labeling, identified in the FAC, that is deceptive within the meaning of the Illinois Consumer Fraud Act ("ICFA") or the California Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), or Consumer Legal Remedies Act ("CLRA"). Because Plaintiffs have not plausibly alleged that the Product's labeling would deceive a reasonable consumer, all four of their statutory consumer protection claims fail as a matter of law.

#### 1. Plaintiffs do not identify any labeling that would deceive a reasonable consumer.

Plaintiffs argue their consumer deception claims are based on the alleged omission of a "front-label 'artificially flavored' disclosure required by federal regulations and state law." ECF No. 48 ("Opp."), at 5. But this alleged regulatory violation cannot satisfy the deception requirement of the reasonable consumer standard. Plaintiffs must plead "what exactly is misleading about [the product] *aside from the fact that it may technically violate FDA regulations*." *Victor v. R.C. Bigelow, Inc.*, No. 13-cv-2976-WHO, 2014 WL 1028881, at *17 (N.D. Cal. Mar. 14, 2014) (emphasis added); *see also, e.g.*, *Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504, at *4 (N.D. Ill. Nov. 4, 2021) (similar). Plaintiffs have not done so. Regardless of whether they have alleged technical noncompliance, Plaintiffs make no factual allegations about how reasonable consumers would be deceived by the labeling actually on the Product's packaging. Without such allegations, Plaintiffs cannot state a claim for relief.

Plaintiffs say they were misled because the Product's "label affirmatively represents that the Product is flavored with the natural fruit (apple)," through "pictorial representations of the same fresh, ripe fruit." Opp. 1, 5. But this Court previously rejected, as preempted by federal law,

2

the theory that images and names of fruit are misleading about whether the Product contains other flavoring ingredients. Mem. Op. 20 n.6 ("[S]uch images and names are allowed under the FDA's regulations.") (citing 21 C.F.R. § 101.22(i)); *see also Henry v. Gerber Prods. Co.*, No. 3:15-cv-02201-HZ, 2016 WL 1589900, at *8 (D. Or. Apr. 18, 2016) ("[T]he [Food, Drug, and Cosmetic Act] preempts state law claims premised on an allegedly misleading depiction of a fruit or vegetable on a product's label representing its characterizing flavor."). Plaintiffs cannot rely on "the fruit images or fruit names, on their own." Mem Op. 20 n.6; *see also Chiappetta v. Kellogg Sales Co.*, No. 21-cv-3545, 2022 WL 602505, at *4 (N.D. Ill. Mar. 1, 2022) (finding no plausible claim of deception "based on the package's images and its use of the term 'Strawberry'"). There must be some other aspect of the Product labeling that is misleading for Plaintiffs' claims to proceed—and Plaintiffs have identified and alleged none.

Importantly, Plaintiffs do not claim to have relied on the only feature of the labeling that this Court previously indicated could potentially mislead a reasonable consumer about the Product's flavoring ingredients: the Product's "100% Juice" statement. *See* Opp. 3 ("Plaintiffs' FAC does not challenge the Product['s] '100% Juice' claim."). And Plaintiffs do not dispute that the "100% Juice" statement is required by federal law and conveys the amount of "juice soluble solids," as opposed to whether the ingredients in the Product are natural or artificial. *See* ECF No. 44 ("Mot. Dismiss"), at 7–8 (quoting 21 C.F.R. § 101.30(b)(3)).

Plaintiffs' claims also fail entirely to account for a disclosure statement about the Product and its ingredients that appears on the front label. In its first dismissal order, this Court found that a similar statement put reasonable consumers on notice that the Trop 50 Farmstand Apple product Plaintiffs challenged in their initial complaint could contain ingredients other than apple juice. Mem. Op. 28 (finding front-label statement "undermines Plaintiffs' claims that the name of the

3

Product and the pictures of apples could mislead consumers into believing that the product contains only natural ingredients" because the statement "implies that the [Product] is not in fact 'apple juice'"). Here, the Product carries a front-label statement that reads "APPLE JUICE FROM CONCENTRATE WITH OTHER NATURAL FLAVORS AND INGREDIENTS." This statement alerts consumers to the presence of non-juice ingredients, just as the front-label statement on Trop 50 Farmstand Apple did. And consumers interested in learning more about which specific ingredients are in the Product could review the ingredient list and find malic acid clearly listed. The front label of the Product "as a whole . . . is not ambiguous, so the ingredient list, including 'malic acid' confirms a reasonable consumer's expectation that the Product contains artificial ingredients." *Id.*

Plaintiffs' opposition brief now suggests that this front-label statement could be misleading because it does not specifically refer to *artificial* flavoring ingredients. Opp. 6. But Plaintiffs did not plead this theory in the FAC. In fact, the FAC never mentions the front-label statement *at all*, Plaintiffs never claimed to have relied upon it, and the image of the Product label in the FAC conspicuously obscures the statement. *See* Mot. Dismiss 8–9. Plaintiffs' claims of consumer deception cannot be based on a statement that the Plaintiffs do not mention in the FAC, let alone allege they saw and relied upon. As this Court has made clear elsewhere, "[i]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss, and Plaintiffs cannot shore up the defects in the amended complaint by adding new facts." *Pittsfield Dev., LLC v. Lynd*, No. 19-cv-1321, 2021 WL 3618275, at *10 (N.D. Ill. Aug. 16, 2021) (Valderrama, J.) (citation and internal quotation marks omitted).[1]

---

[1] Plaintiffs' belated interest in this front-label statement—coming only after Tropicana referenced it in its motion to dismiss—further calls into question whether the FAC's allegations regarding the labels Plaintiffs purportedly saw and relied upon are accurate. Plaintiffs' opposition brief does not

4

Lacking any plausible allegations that a reasonable consumer would be misled by the Product's labeling, Plaintiffs cite to other cases involving different products containing malic acid that survived a motion to dismiss. *See* Opp. 5–6. But those cases are "unhelpful" for evaluating the labeling of *this* Product, as this Court has already explained. Mem. Op. 28. None of those cases involved a product with a front-label statement disclosing the presence of other ingredients, and only one involved juice. And in the only case that *did* involve juice products, all of the products were affirmatively labeled "made with whole fruit," and two of the products also were labeled as "100% Natural." *Gross v. Vilore Foods Co.*, No. 20-cv-0894 DMS (JLB), 2021 WL 1428487, at *4 (S.D. Cal. Apr. 15, 2021). Plaintiffs here do not identify or challenge any remotely similar statements on the Product label.

Plaintiffs do not—and cannot—identify any aspect of the Product label that would plausibly mislead a reasonable consumer. Absent such allegations, their statutory claims fail as a matter of law and should be dismissed with prejudice.

### 2. Plaintiffs fail to state an "unfair" or "unlawful" claim under the UCL.

Even if Plaintiffs' failure to articulate a plausible theory of consumer deception did not doom their UCL claims (which it does), Plaintiffs also have not stated a plausible claim for relief

---

explain whether Plaintiffs' allegedly "true and accurate copy" of the Product label—which obscures and largely omits the front-label statement—was pulled from an Internet site, even though Plaintiffs only allege purchases from brick-and-mortar stores. *See* FAC ¶¶ 17, 61–62. Plaintiffs' counsel also claim they were not sanctioned in a prior malic acid-related case. Opp. 6; *see also* ECF No. 9 (Marron Mot. Appear *Pro Hac Vice*), at 2 (representing that counsel has never been "sanctioned . . . or otherwise disciplined by any court"); ECF No. 11 (Houchin Mot. Appear *Pro Hac Vice*), at 2 (same). But they do not dispute that the court in that case granted a Rule 11 motion based on a specific finding that Plaintiffs' counsel and their client filed a complaint that "knowingly made false factual contentions . . . including the allegation that the embedded image is a 'true and accurate representation' of" the product label, and that "Plaintiffs' counsel did not undertake the most fundamental of investigations—namely, examining the actual Product labels—before filing the First Amended Complaint." *Hunt v. Sunny Delight Beverages, Co.*, No. 8:18-cv-00557-JLS-DFM, 2018 WL 6786265, at *4 (C.D. Cal. Dec. 18, 2018). Nothing in Plaintiffs' opposition brief resolves Tropicana's serious concerns that the same is true in this case.

5

under the UCL for additional reasons that Plaintiffs do not rebut.

*First*, Plaintiffs have not stated a claim under the "unfair" prong of the UCL because they do not plausibly allege a consumer injury, or that any consumer injury was not reasonably avoidable. Plaintiffs argue that Tropicana's alleged failure to disclose the presence of artificial flavors was "unfair" because "consumers are more likely to perceive the Products as being a healthier 'natural' option." Opp. 8. But Plaintiffs do not point to any claim on the Product label that the Product is all-natural, let alone that it is healthier than other juice products, and any such assumptions about "natural" would be unwarranted. "California's consumer protection laws do not require [Tropicana] to anticipate and affirmatively dispel these shoppers' idiosyncratic assumptions or wholly incorrect interpretations of its advertising." *Thomas v. Costco Wholesale Corp.*, No. 21-55335, 2022 WL 636637, at *2 (9th Cir. Mar. 4, 2022). Moreover, consumers who believed that the Product contains "only natural ingredients" (FAC ¶ 13), or is "pure" or "natural" (*id.* ¶ 16), could have avoided their injury by reading the statements on the front label. The statement "APPLE JUICE FROM CONCENTRATE WITH OTHER NATURAL FLAVORS AND INGREDIENTS" on the front of the package plainly puts them on notice that the Product contains additional ingredients.

Plaintiffs' only response is that whether "the Product includes other, non-juice ingredients does not put consumers on notice that the Product contains any *artificial* flavoring ingredients." Opp. 8 (emphasis in original). But the Product label expressly discloses the presence of malic acid, the exact ingredient at issue. FAC ¶¶ 17–18. If Plaintiffs were concerned that the malic acid disclosed on the label was an artificial flavor, Plaintiffs could have simply purchased a different product. Just as the court held in *Simpson v. California Pizza Kitchen*, 989 F. Supp. 2d 1015 (S.D. Cal. 2013), Plaintiffs "could have avoided [their] injury by purchasing one of [Tropicana's

6

competitors'] products instead." *Id.* at 1026. Plaintiffs argue *Simpson* is distinguishable because the ingredient at issue there—trans fatty acids (or TFAs)—"was not required to be disclosed on the products' front labels and the consumer could simply look at the ingredient list to determine whether the products contained TFAs." Opp. 9. But the Product label here provides even *more* notice to consumers. It includes both the front-label statement and the back-label ingredient list expressly disclosing the presence of malic acid, whereas in *Simpson*, the only indication that the products contained TFAs was the ingredient list on the back of the packaging. Plaintiffs cannot manufacture a claim for deception based on unwarranted assumptions about the Product.

*Second*, Plaintiffs cannot state a claim under the UCL's "unlawful" prong. Plaintiffs argue that they have plausibly alleged an "unlawful" claim because the "FAC alleges that Defendant's labeling of the Product violates '*inter alia*, FDA regulations and California's Sherman Law.'" Opp. 7 (quoting FAC ¶ 111). But even under the "unlawful" prong of the UCL, Plaintiffs still cannot state a claim because they have "failed to meet the 'reasonable consumer' standard necessary to state a UCL claim." *Chuang v. Dr. Pepper Snapple Grp., Inc.*, No. CV 17-01875-MWF (MRWx), 2017 WL 4286577, at *6 (C.D. Cal. Sept. 20, 2017) (dismissing UCL "unlawful" claim based on alleged "violations of federal labeling law" for failure to allege deception). Plaintiffs' reliance on *Engurasoff v. Coca-Cola Company*, No. C 13-03990 JSW, 2014 WL 4145409 (N.D. Cal. Aug. 21, 2014) is misplaced. That decision merely recognized that California's Sherman Law incorporates FDA regulations, which Tropicana does not dispute. *Id.* at *3. It did not hold that a showing of deception is unnecessary to a UCL "unlawful" claim based on deceptive labeling.

*Finally*, Plaintiffs' equitable claims for restitution under the UCL must be dismissed because Plaintiffs were required, but failed, to plead that they lack an adequate remedy at law.

7

Plaintiffs' opposition brief asserts that, because Plaintiffs have alleged a "continuing harm," injunctive relief may be appropriate. Opp. 10–11. But Tropicana's motion to dismiss does not challenge Plaintiffs' request for injunctive relief—it challenges the sufficiency of Plaintiffs' request for *restitution*. Mot. Dismiss 11–12. Plaintiffs' failure to respond to "the substance of [Tropicana's] motion to dismiss" means their claims for restitution under the UCL should be dismissed as forfeited. *Williams v. JPMorgan Chase Bank, N.A.*, No. 21-C-855, 2021 WL 2376022, at *2 (N.D. Ill. June 10, 2021); *see also id.* ("Plaintiff's failure to respond to these plausible arguments for dismissing her claims constitutes waiver of any arguments she had in support of those claims and forfeits her right to continue litigating those claims."). And even if not forfeited, Plaintiffs' claims for restitution should be dismissed on the merits because Plaintiffs have not pleaded that they lack an adequate remedy at law for past harm. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA").

### 3. Plaintiffs' ICFA claims based on purchases outside Illinois must be dismissed.

Plaintiffs' ICFA claims should be dismissed in full because Plaintiffs have failed to plausibly allege consumer deception. *See supra* at 2–5. But even if Plaintiffs have pleaded consumer deception (which they have not), at a minimum, Plaintiffs' ICFA claims must be dismissed to the extent they are based on purchases outside Illinois. Mot. Dismiss 12–13.

Plaintiffs argue that limiting their ICFA claims to Product purchases within Illinois would require a choice of law analysis and thus "is prematurely raised on a motion to dismiss." Opp. 11. That is incorrect. This is not a choice-of-law issue; it is a straightforward application of the Illinois Supreme Court's holding that ICFA does not apply extra-territorially and is limited to transactions

that "occurred primarily and substantially in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 854 (Ill. 2005). And Plaintiffs' position that the Court cannot limit Plaintiffs' claims to Illinois purchases at the pleading stage—based exclusively on inapposite district court decisions in the Ninth Circuit—squarely conflicts with district court decisions in the Seventh Circuit dismissing ICFA claims on a Rule 12(b)(6) motion premised on out-of-state purchases. *See, e.g.*, *Kubilius v. Barilla Am., Inc.*, No. 18 C 6656, 2019 WL 2861886, at *4 (N.D. Ill. July 2, 2019) (dismissing plaintiff's ICFA claim as well as "all claims he asserts on behalf of a nationwide class"); *Van Zeeland v. Rand McNally*, 532 F. Supp. 3d 557, 571 (N.D. Ill. 2021) (Valderrama, J.) (dismissing both ICFA claim and "claims under the other states' consumer protection laws").

Plaintiffs fail to address any of these cases, which Tropicana cited in its motion to dismiss. *See* Mot. Dismiss 12–13. In fact, Plaintiffs fail to cite any case law from *within* the Seventh Circuit. This Court should follow "courts in the Seventh Circuit and elsewhere" and dismiss any ICFA claims to the extent they are based on purchases outside of Illinois. *See Kubilius*, 2019 WL 2861886, at *2 (collecting cases); *cf. Wilson v. Frito Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1148 (N.D. Cal. 2013) (declining to "wait until the class certification stage" and dismissing with prejudice "California law claims based on activity occurring in other states").

## B. Plaintiffs Fail To State Viable Common Law Claims

Plaintiffs also allege claims for negligent misrepresentation and fraudulent omission under California law. *See* FAC ¶¶ 138–43, 152–62. These claims also should be dismissed with prejudice.

As with their statutory claims, Plaintiffs attempt to prop up their negligent misrepresentation claims by asserting that "Defendant affirmatively represents that the Product is flavored with the natural fruit 'apple.'" Opp. 12. That theory is preempted, as this Court previously determined. *See supra* at 3 (citing Mem. Op. 20 n.6). Plaintiffs' new argument that

9

the front-label statement "cited by Defendant that the Product contains 'natural flavors and ingredients' is an additional affirmative misrepresentation" (Opp. 12) fails for an even more fundamental reason. The FAC contains no allegations at all about this front-label statement—much less plausible allegations that it is an actionable misrepresentation. *See supra* at 3–4; Mot. Dismiss 13–14.

Plaintiffs' fraudulent omission claim is also defective. Plaintiffs assert that, by omitting an "artificially flavored" statement, Tropicana "intended to give reasonable consumers . . . the impression that the Product is pure, natural, and not artificially flavored." Opp. 13 (quoting FAC ¶ 16). But Plaintiffs' theory fails to account for the front-label statement disclosing the presence of additional non-juice ingredients. This front-label statement dispels any impression that the Product is "pure" apple juice. *See* Mot. Dismiss 14. And Plaintiffs have not identified anything else on the label that would give the impression that the Product is pure or all-natural.[2]

Moreover, Plaintiffs have not plausibly alleged "justifiable reliance." *See* Mot. Dismiss 14. Plaintiffs first say that under Federal Rule of Civil Procedure 12(g)(2), the Court should not consider this argument because Tropicana did not raise it in the motion to dismiss Plaintiffs' initial complaint. Opp. 13. That is wrong. Plaintiffs ignore the express exception in the text of Rule 12(g)(2) for failure-to-state-a-claim defenses like the one Tropicana asserts here. And Plaintiffs ignore controlling Seventh Circuit precedent holding that Rule 12(g)(2) "does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012); *see also McKillip v. Lambert*, No. 18-cv-3698, 2021 WL 5712184, at *2 (N.D. Ill. Dec. 2, 2021) ("The Seventh Circuit clearly held in *Ennenga* that a party's arguments

---

[2] As discussed above, the "100% Juice" statement on the label is required by law and refers only to the percentage of juice soluble solids in the Product. *See supra* at 3. And Plaintiffs disavow any claims premised on that statement. *See* Opp. 3.

not brought in prior motions to dismiss for failure to state a claim are not waived.").

Plaintiffs also are wrong on the merits of justifiable reliance. Plaintiffs do not dispute that courts have equated "justifiable reliance" with the reasonable consumer standard. *See* Mot. Dismiss 14. As explained above, Plaintiffs have not plausibly alleged that a reasonable consumer would be deceived by the Product labeling. *See supra* at 2–5. Plaintiffs' arguments to the contrary rely on the same inapposite cases and flawed reasoning and should be rejected. Plaintiffs' failure to plausibly allege justifiable reliance means they cannot state a claim for negligent misrepresentation or fraudulent omission.

### III.  CONCLUSION

Plaintiffs' opposition brief confirms that Plaintiffs have failed to state any plausible claim for relief, despite receiving multiple opportunities to do so. It is not enough for Plaintiffs to recycle allegations of bare technical regulatory violations, untethered to the actual labeling of the Product at issue. *Cf.* Mem. Op. 15 n.3 (taking judicial notice of eighteen other lawsuits filed by Plaintiffs' counsel alleging that malic acid simulates more than eighty different flavors). Plaintiffs must articulate some reason why *this* Product labeling is deceptive, but their FAC does not identify any aspect of the Product label that is plausibly false or misleading. The claims in the FAC are indistinguishable from the Trop 50 Farmstand Apple claims that this Court previously dismissed with prejudice. As with those claims, amendment would be futile because the Product's front-label "makes 'it impossible for the [P]laintiff[s] to prove that a reasonable consumer [is] likely to be deceived.'" *Id.* at 28 (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)). Plaintiffs have already received a second bite at the apple; they should not receive a third. This Court should dismiss the FAC in its entirety, with prejudice.

11

| | |
|---|---|
| Dated: April 7, 2022 | By: <u>*Andrew S. Tulumello*</u><br><br>Andrew S. Tulumello (*pro hac vice*)<br>Arianna M. Scavetti (*pro hac vice*)<br>**WEIL, GOTSHAL & MANGES LLP**<br>2001 M Street, N.W.<br>Washington, DC 20036<br>Telephone: (202) 682-7100<br>Facsimile: (202) 857-0940<br>drew.tulumello@weil.com<br>arianna.scavetti@weil.com<br><br>Erik J. Ives<br>**FOX SWIBEL LEVIN & CARROLL LLP**<br>200 West Madison Street, Suite 3000<br>Chicago, Illinois 60606<br>Telephone: (312) 224-1239<br>Facsimile: (312) 224-1201<br>eives@foxswibel.com<br><br>*Attorneys for Defendant Tropicana Manufacturing Company, Inc.* |

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that on April 7, 2022, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which is also served upon counsel for all parties of record.

                                                                  /s/    *Erik J. Ives*
                                                                          Erik J. Ives